UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cr-00357-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CEDARIAN GRIER,** | ) | |
| Defendant(s). | ) | |

**THIS MATTER** is before the court on the court's own Motion to Correct Clear Error under Rule 35(a), Federal Rules of Criminal Procedure, made within 14 days of sentencing and before entry of Judgment.

At the sentencing hearing, counsel for defendant argued that the court should not apply the 15 year mandatory minimum under the Armed Career Criminal Act ("ACCA") because the qualifying offenses occurred over a short period of time, five weeks, and were consolidated for disposition in one state-court judgment. At sentencing, the parties argued United States v. Davis, 720 F.3d 215 (4th Cir. 2013), which vacated this court's application of the career offender *guideline,* U.S.S.G. § 4B1.1, finding that Davis' consolidated sentence under North Carolina law for separate robberies was a single sentence for purposes of such guideline provision. Based on those arguments, the court resolved the objection in defendant's favor.

In preparing the judgment, the court has read the rough transcript of the sentencing hearing and determined that defendant's citation to Davis was improvident and invited error as that decision involved the question of whether defendant was a career offender under the

1

guidelines, not, as in this case, whether defendant qualified for the statutory 15-year mandatory minimum enhancement under the ACCA.

The ACCA imposes a 15-year mandatory prison term on individuals convicted of being a felon in possession of a firearm where that individual has "three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another," 18 U.S.C. § 924(e)(1), as opposed to the advisory guidelines sentencing enhancement, which looks to whether defendant has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The "consolidation for purposes of judgment" argument, which is clearly applicable to counting offenses under §4B1.1, is wholly inapplicable to the counting of offenses under the ACCA.

Instead, determining what offenses are countable under the ACCA is clearly governed by United States v. Carr, 592 F.3d 636 (4th Cir. 2010), which was not cited to the court during the hearing. The appellate court held in Carr that the ACCA determination rests on whether each prior conviction arose out of a "separate and distinct criminal episode." Id. at 644. Thus, the ACCA does not look to whether the offenses were consolidated for judgment or, for that matter, that the offense were committed over five weeks, as defense counsel argued. Indeed, defendant in Carr attained "career" status under the ACCA, for the most part, in a one-night crime spree, breaking or entering 13 storage units.

For these reasons, the court will correct the sentence imposed in this matter by first striking the sentence imposed July 1, 2014, as clearly erroneous. Because application of the ACCA is not automatic but requires consideration of the prior offenses in light of the five factors identified in Carr[1] (which the court was not asked to do at the previous sentencing hearing), the

---

[1] The five factors are: "(1) whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantively different; (3) whether each offense involved different victims; (4) whether

court will direct that this matter be placed back on the calendar for a new sentencing hearing so that such analysis under Carr can be conducted.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the sentence imposed in this matter is, in accordance with Rule 35(a), **CORRECTED** by striking the sentence imposed, and the Clerk of Court is directed to place this matter back on for sentencing during the next available sentencing day.

Signed: July 9, 2014

Max O. Cogburn Jr.
United States District Judge

---

each offense involved different criminal objectives; and (5) whether the defendant had the opportunity after committing the first-in-time offense to make a conscious and knowing decision to engage in the next-in-time offense." Carr, 592 at 644.